J. Greg Coulter (State Bar No. 016890)
Jacqueline F. Langland (State Bar No. 035422)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Greg.Coulter@jacksonlewis.com
Jacqueline.Langland@jacksonlewis.com

Attorneys for Defendants ADP LLC and Automatic Data Processing, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Reina Patocs,<br><br>                    Plaintiff,<br><br>    vs.<br><br>Automatic Data Processing, Inc., a Delaware Corporation; ADP LLC, a foreign limited liability company; ADP Inc., a foreign corporation; and Black Corporation, a fictitious named corporation,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION)** |

**TO:   CLERK OF COURT OF THE ABOVE-ENTITLED COURT:**

        Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and Local Rule 3.6 of the Rules of Practice of the District Court for the District of Arizona, Defendants ADP LLC and Automatic Data Processing, Inc. ("Defendants") files this Notice of Removal. In support of this removal, Defendants state as follows:

### BACKGROUND

        1.      On May 20, 2020, Plaintiff Reina Patocs ("Plaintiff") filed this employment action against Defendants and others in the Superior Court of Arizona, Maricopa County,

Case No. CV2020-053162. Plaintiff alleges claims under: (1) 42 U.S.C. § 1981 and (2) Title VII against Defendants.

2.      Pursuant to Local Rule 3.6, a complete copy of the file in the State Court Action is attached as Exhibit A.

3.      Pursuant to Local Rule 3.6, the undersigned counsel for Defendants verifies that, to the best of his or her knowledge and belief, the documents attached as Exhibit A to this Notice of Removal are true and complete copies of all pleadings and other documents filed in the State Court Action.

## TIMELY REMOVAL

4.      Plaintiff served Defendants with her Complaint on May 26, 2020. Defendants have not filed any pleadings in the State Court Action, and the time period under 28 U.S.C. §1446(b) for Defendants to file this Notice of Removal has not expired.

## REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

5.      This action is being removed on the basis of federal question jurisdiction and the ground that this Court has original jurisdiction over all claims. *See* 42 U.S.C. §§ 12101, *et seq.;* 28 U.S.C § 1331.

6.      In the Complaint, Plaintiff seeks damages for alleged violation of 42 U.S.C. § 1981 and Title VII. Plaintiff's case presents a question of federal law. Therefore, this court has original jurisdiction over the matter and removal is proper under the federal question jurisdiction of this court. 28 U.S.C §§ 1331 & 1367(a).

## VENUE

7.      Venue lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because the state action was filed in this district and this is the judicial district in which the alleged events giving rise to the claims occurred.

8.      Contemporaneously with this filing, Defendants are also filing a Notice of Filing of Removal with the Clerk of the Superior Court, Maricopa County, a copy of which is attached as **Exhibit B**. Defendants have on this date given written notice of this filing to Plaintiff pursuant to 28 U.S.C. § 1446 and Local Rule 3.6.

1    For the foregoing reasons, Defendants respectfully requests that this action be
2    removed from the Arizona Superior Court, Maricopa County to the United States District
3    Court, District of Arizona.
4    DATED June  24, 2020.

5
6                                        **JACKSON LEWIS P.C.**

7                                        By:*/s/ J. Greg Coulter*
8                                            J. Greg Coulter
9                                            Jacqueline F. Langland
                                            Attorneys for Defendant
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marshall A. Martin
Law Offices of Marshall A. Martin
8585 E. Hartford Drive, Ste. 800
Scottsdale, AZ 85255
*Attorney for* Plaintiff


*/s/Debbie Mattatall*_____

4839-2757-8046, v. 1

4

**EXHIBIT A**

Clerk of the Superior Court
By Heather Gearhart, Deputy
Date 05/20/2020 Time 16:00:31
Description                    Amount
--------- CASE# CV2020-053162 ---------
CIVIL NEW COMPLAINT            333.00

TOTAL AMOUNT                   333.00
                   Receipt# 27795528

Marshall A. Martin, Esq. #010055
LAW OFFICES OF MARSHALL A. MARTIN
8585 East Hartford Drive, Suite 800
Scottsdale, AZ 85255
(480) 444-9980
Email: marshall@marshallmartinlaw.com
*Attorney for Plaintiff*

## SUPERIOR COURT
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Reina Patocs, | Case No. CV 2020-053162 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Automatic Data Processing, Inc., a Delaware Corporation; ADP LLC, a foreign limited liability company; ADP Inc., a foreign corporation; and Black Corporation, a fictitious named corporation, | **(42 USC §1981 and Title VII)** |
| | **(Jury Trial Requested)** |
| Defendants | |

Plaintiff, REINA PATOCS, by and through her undersigned counsel, hereby alleges for her Complaint as follows:

## GENERAL ALLEGATIONS

1.      Reina Patocs (hereinafter "Plaintiff"), at all times material hereto, has been a resident of Maricopa County, Arizona.

2.      Defendant Automatic Data Processing, Inc. (hereinafter "Defendant") is a corporation organized under the law of the of the State of Delaware, and at all times material hereto has been operating within Maricopa County Arizona.

3.      ADP LLC (hereinafter "Defendant"), upon information and belief, is a limited liability company organized under the laws of a state other than Arizona, is not authorized to operate in Arizona, but at all times material hereto has operated in Maricopa County, Arizona.

1

4.     ADP Inc. (hereinafter "Defendant"), upon information and belief, is a corporation organized under the laws of a state other than Arizona, is not authorized to operate in Arizona, but at all times material hereto has operated in Maricopa County, Arizona.

5.     Black Corporation (hereinafter "Defendant" is a fictitiously named defendant which was the legal entity that employed Plaintiff during the period relevant to this matter.

6.     Plaintiff identifies the above defendants, one of which was her employer at the times relevant hereto and was responsible for the actions of its employees as set forth below and will be referred to hereafter as "Defendant."

7.     All acts alleged   herein occurred within Maricopa County, Arizona.

8.     This Court has proper jurisdiction and venue in this matter.

9.     Plaintiff was hired as an employee of Defendant on October 16, 2017.

10.    Plaintiff was promoted into the position of Team Leader in Small Business Services in March of 2018, working in an office in Tempe, Arizona.

11.    Upon her promotion in March of 2018, Plaintiff began reporting directly to Michael Shepard (hereinafter "Shepard"), Vice President-West Region.

12.    Almost immediately upon reporting to Mr. Shepard, Plaintiff was subjected to both racial and sexist comments by Shepard. Plaintiff is an African American female.

13.    Beginning in March 2018, Shepard began making comments regarding Plaintiff's physical appearance saying on occasions you look "too boney" or in others "You don't look boney today," as well as "You are young and pretty."

14.    Shepard, who Plaintiff believed to be in his mid-forties in 2018, at a time when she was 21, referred to Plaintiff on five to ten occasions during 2018 as his "work wife."

15.    Plaintiff felt extremely uncomfortable by all the comments referred to in

Paragraphs 12-14 above, based not only on their content, but based on the context in which they were said.

16.     On July 11, 2018 in group meeting, Shepard referred to Plaintiff in front of co-workers as "crazy" in response to her stating she wanted to wait and bring up a matter with him in a separate one-on-one. He went on to state in the group meeting that Plaintiff was embarrassing herself and that she should "stop talking."

17.     Immediately following the group meeting on July 11, 2018, Shepard pulled Plaintiff aside and into a one-on-one at which point he raised his voice and yelled at her "you're looking fucking crazy to other people."

18.     After being berated by Shepard, Stacey Crawley, a manager, pulled Plaintiff into an office and asked what was wrong. Plaintiff explained how Shepard slammed the desk multiple times, yelled, had been treating Plaintiff differently than others and made inappropriate comments. Plaintiff asked Crawley if she should report it. Crawley advised to her speak to Walter Nettles and did not refer Plaintiff to Human Resources.

19.     Plaintiff reached out to Director Walter Nettles on July 12, 2018 and discussed with him how unsafe she felt after the interactions with Shepard the day before, as well as generally the fact that she was being subjected to unequal treatment.

20.     On July 13, 2018, Plaintiff was called into a meeting with both Shepard and Walter Nettles wherein she was given a formal coaching and accused of misrepresenting situations. This was based upon the complaint she had made to Walter Nettles just the day before. During the July 13, 2018 coaching session, she was told "If you were anyone else, we would fire you." She was also told by Shepard that "You only got the job because of D and I. That's the problem with D and I."

21.     Relative to Shepard's comments regarding "D and I," Plaintiff took those comments to be direct negative references to her race and gender, as "D and I" within

Defendant is generally understood to refer to its policy for "Diversity and Inclusion."

22.     Due to Plaintiff's concerns regarding the racist and sexist statements made to her during the July 13, 2018 meeting and the clear retaliation of the formal coaching, which was triggered by the complaint she had raised on July 12, 2018, she reported these comments to another manager, Stacey Crawley, and asked her for advice about going to Human Resources. Ms. Crawley advised her not to.

23.     On the next business day, Monday July 16, 2018, there was a follow up coaching session with Plaintiff at which time she was forced to take specific notes as to what to put into a type-written summary of the meeting. This included multiple bullet items which would then read as though they were admissions on Plaintiff's part of her wrong doing. These included but were not limited to: "1. That she was to apologize for her reaction and emotional response. 2. Identify that it had nothing to do with Michael [Shepard]. 3. Thank Michael for hard work and dedication to not only my development, but also other Tl's development."

24.     During the July 16, 2018 coaching, Plaintiff was also pulled off of her teams for a month and in essence relieved of her Team Leader duties.

25.     On August 21, 2018, Shepard told Plaintiff in a meeting not to worry about the prior coaching she had received because the "source was unreliable." Shepard then went on to state that about a female manager "[redacted] is crazy, and we only know about the crazy in her front yard, not about the crazy in her house." "She is an insecure woman with daddy issues."

26.     Plaintiff found the extremely sexist comments regarding the female manager to be inappropriate and uncomfortable, yet they gave her insight as to the attitude of Shepard and what was likely said about Plaintiff to co-workers.

27.     Also, on August 21, 2018, Shepard approached Plaintiff in a hostile and sexual manner, putting his face a few inches from hers, holding his hands around her

head (but not touching), vigorously gesturing and stating "you make me so crazy I could just …"

28.    On September 17, 2018 when Plaintiff was seeking a promotion, the previous coaching she was told "not to worry about" was then used as a reason to deny her even the opportunity to seek promotion.

29.    In September of 2018, when denied the opportunity to be considered for the promotion, Shepard also made reference to Plaintiff's age as a factor. However, a white male who was only 24 and had less work experience was promoted at that time.

30.    In August of 2018, Plaintiff had received from Shepard a performance review in which she received an overall rating of 4.2 (on a scale of 1-5) with specific comments regarding Plaintiff's strengths that correlated directly to the exact issues for which in July she had been given a formal coaching. In the review it was stated that "Reina is excellent at observing and coaching associates. She has a natural inclination to data to support decision making. She is action oriented and challenges the environment around her seeking better performance. She seeks coaching and readily adopts what she learns and is advised."

31.    Shepard's treatment of Plaintiff was extremely erratic beginning with the promotion of her on March of 2018 and his favorable treatment of Plaintiff up until she complained in July of 2018. At that time, she was given a formal coaching, follwed by the 4.2 performance evaluation with very positive comments which contradicted the coaching, was then told to ignore the coaching, but in September of 2018 was denied even the opportunity to be considered for a promotion and was told that there would be a continuation of the coaching. This was then followed on October 23, 2018 with being placed as a Lead on the Lost Prevention Training Team.

32.    In November of 2018, Plaintiff was scheduled to meet with Stuart Sackman to present for Small Business Services, which represented a very positive reflection of her

performance.

33.    In early December of 2018, Plaintiff was put on a confidential acquisition project, which also represented a reflection of good performance.

34.    December 7, 2018, Shepard stated to Plaintiff that she would be given the Project Manager role for an acquisition, but that she would be expected to work in an interim position for three to six months with no pay raise and after that they would then decide if she was a good fit for the job.

35.    Plaintiff accepted the new role and its terms without hesitation, despite being asked by several people in her workplace about what they assumed would be her dissatisfaction with the "interim" label.

36.    On December 12, 2018, Shepard berated Plaintiff for being ungrateful for the opportunity that she was given, despite Plaintiff having made no negative comment whatsoever about it to anyone.

37.    On December 12, 2018 in a separate discussion later in the day, Shepard told Plaintiff "You have to have a trial period, you're the same age as my kid. Andrea has a kid older than you, think about how we feel."

38.    On December 31, 2018 when a 22 year-old male received his promotion, which was not on an interim basis, Stacey Crawley once again asked Plaintiff about whether she was upset regarding the difference in treatment. At that point it included putting Plaintiff back on phone duty, something she had not done since her first few months of her employment in 2017. In that conversation, Ms. Crawley again advised Plaintiff not to go to Human Resources.

39.    During the conversation on December 31, 2018 with Ms. Crawley, Plaintiff did share her concerns with the disparity in treatment based upon both her race and gender. Not only did Ms. Crawley advise Plaintiff not to take any further action or to go to Human Resources, Ms. Crawley ignored her own duty as a manager to report this

treatment to Human Resources per Defendant's policy.

40.     On January 2, 2019, Plaintiff asked Ms. Crawley again if she felt the time was right yet to go to Human Resources because she believed there was discrimination still occurring. Crawley again advised Plaintiff not to do so.

41.     On Friday, January 4, 2019, Ms. Crawley took Plaintiff to coffee and told her at that time that Plaintiff should talk to Human Resources or Shepard himself about her concerns and that if Plaintiff did not, Ms. Crawley would. Plaintiff stated that she needed the weekend to mentally prepare to report this matter to Human Resources.

42.     On Friday evening, January 4, 2019, Ms. Crawley contacted Shepard directly and gave him what she later referred to as a "heads up" that Plaintiff felt that he had been harassing her and discriminated against her and that Plaintiff planned to go to Human Resources.

43.     This communication by Ms. Crawley set Plaintiff up for a further retaliatory coaching and clearly violated Defendant's policy, which would have instead required Ms. Crawley to report complaints of discrimination or harassment to Human Resources.

44.     On Monday, January 7, 2019 at approximately 9:00 a.m., Plaintiff did speak with Sherie Bond in Human Resources to complain about the hostile work environment based upon both race and sex discrimination, as well as her fear of retaliation by Shepard, explaining that she had been falsely written up previously in July of 2018 and that she had a concern that he would do it again. At 9:30 a.m., Plaintiff sent a follow-up email to Ms. Bond with her initial coaching from July 2018 and subsequent performance evaluation.

45.     At 3:14 p.m. on January 7, 2019, Plaintiff requested to meet with Sherie Bond again in person stating "I think it needs to be today. I know you're really busy though, I'm not sure what to do."

46.    Instead of getting a call back from Ms. Bond, what Plaintiff received was a message from Shepard at 3:46 p.m. to meet with him.

47.    Upon arriving for the meeting with Shepard, Plaintiff encountered not only Shepard, but also Walter Nettles and Sherie Bond. At that meeting, Shepard proceeded to give Plaintiff another informal coaching. However, since this meeting was so rushed and Shepard was so unprepared for it, nothing was provided in writing.

48.    At the January 7, 2019 informal coaching, Shepard changed Plaintiff's work hours, her physical work location to something less desirable, reduced her lunch period and stated that she would be required to work mandatory overtime and be given different job assignments and tasks.

49.    On January 11, 2019, Plaintiff was contacted by Sonya Everett, from Employee Relations, and was placed on administrative leave.

50.    Placement on administrative leave created the impression of wrong doing on the part of Plaintiff and was a significant concern to her.

51.    While on administrative leave, undersigned counsel on behalf of Plaintiff emailed on January 14, 2019 to general counsel for Defendant corporation, Michael Bonarti, in which the pattern of both race and sex discrimination and harassment were laid out, as well as the acts of retaliation against Plaintiff which had occurred up to that point in time, including the conduct of Mr. Shepard, and the initial retaliation by informal coaching she received on July 13, 2018. Such letter specifically set forth the fact that conduct of Shepard and the company generally constituted a violation of Title VII of the 1964 Civil Rights Act as amended and 42 USC §1981.

52.    On January 22, 2019, Plaintiff's employment was terminated by Defendant.

53. At all times material hereto, including all calendar weeks of 2017, 2018, 2019, and 2020, Defendant has had in excess of 501 employees.

54.    Defendant is an "employer" as defined within Title VII of the 1964 Civil

Rights Act as amended (hereinafter Title VII).

55.     Plaintiff filed a charge of discrimination with Equal Employment Opportunity Commission (hereinafter EEOC) on February 14, 2019, charge number 540-2019-01367 alleging race, sex discrimination and retaliation.

56.     On March 10, 2020, Plaintiff requested that the EEOC issue a Notice of Right To Sue on charge number 540-2019-01367 and such Notice of Right To Sue was issued on April 30, 2020.

## FIRST CAUSE OF ACTION

### (42 USC §1981)

57.     Plaintiff realleges all allegations contained in Paragraphs 1 through 56 above.

58.     Defendant's decisions relative to Plaintiff's eligibility for a promotion, the issuance of coaching, the refusal to promote her other than in an interim capacity, the refusal to provide a permanent job title and pay raise and numerous comments by Defendant's managing agent as set forth above all were motivated by Plaintiff's race, African American, in violation of 42 USC §1981.

59.     In both September of 2018 when Plaintiff was denied consideration for a promotion and in December of 2018 when Plaintiff was denied a full promotion, but was only given an interim title, similarly situated white males were given promotions.

60.     Defendant's conduct as set forth above within this Complaint was discriminatory based upon race and retaliatory based upon Plaintiff's objection to the unequal treatment she stated as early as July 12, 2018 and continuing on thereafter.

61.     Plaintiff's second informal coaching received on the afternoon of January 7,

2019 was in direct retaliation for her contacting Human Resources that morning, as well as the "heads up" given to Shepard on the evening of January 4, 2019 that Plaintiff would be complaining about race discrimination and harassment.

62.    Plaintiff's placement on administrative leave was in direct retaliation for the complaints of race discrimination, harassment and retaliation which she had made to Human Resources on January 7, 2019.

63.    Plaintiff's termination from employment was a direct result of her earlier complaints of race discrimination, harassment and retaliation, and was in retaliation for the further act of undersigned counsel's letter of January 14, 2019 raising specific legal claims under Title VII and 42 USC §1981 on behalf of Plaintiff.

64.    Plaintiff sought to enforce her rights to be free from racial discrimination in employment as protected by 42 USC §1981 and Title VII.

65.    Defendant's conduct as set forth above in this Complaint was motivated by its intentional discriminatory animus towards Plaintiff based upon her race and Defendant's intentional retaliation against Plaintiff based upon her complaints of discrimination.

66.    Due to Defendant's acts of discrimination and retaliation, including Defendant's refusal to consider Plaintiff for a promotion in September of 2018, Defendant's decision to place Plaintiff only in an interim position in December of 2018 with no pay raise, and Defendant's decision to ultimately terminate Plaintiff's employment, Plaintiff has suffered a loss of both income and benefits.

67.    In addition to the loss of income and benefits, Plaintiff has suffered substantial emotional distress damages during the time she was employed with Defendant and subsequent thereto, which has manifested itself with Plaintiff suffering anxiety so severe it required four intensive outpatient care sessions per week at St. Luke's Behavioral Health Center for a period of time, with still present anxiety and flashbacks.

68.     Plaintiff is entitled to reinstatement with an appropriate pay adjustment or front pay in lieu thereof.

69.     Due to Defendant's intentional disregard of Plaintiff's federally protected rights, or its reckless disregard thereof, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### (Title VII)

70.     Plaintiff realleges all all allegations set forth in paragraphs 1 – 69 above.

71.     Defendant's decisions relative to Plaintiff's eligibility for a promotion, the issuance of coaching, the refusal to promote her other than an interim capacity, the refusal to provide a permanent job title and pay raise and numerous comments made by Defendant's managing agents, as well as other actions as set forth above, all were motivated by Plaintiff's race and gender in violation of Title VII of the 1964 Civil Rights Act as amended (TitleVII).

72.     In September of 2018 when Plaintiff was denied consideration for a promotion and in December of 2018 when Plaintiff was denied a full promotion, but was only given an interim title, similarly situated white males were given promotions.

73.     Defendant's conduct as set forth above within this Complaint was discriminatory based upon race and gender and was retaliatory based upon Plaintiff's objection to the unequal treatment which she stated as early as July 12, 2018 and continued on thereafter.

74.     Plaintiff's second informal coaching received on the afternoon of January 7, 2019 was in direct retaliation for her contacting Human Resources that morning, as well as the "heads up" given to Shepard on the evening of January 4, 2019 that Plaintiff would be complaining about race and sex discrimination and harassment.

75.     Plaintiff's placement on administrative leave was in direct retaliation for

the complaints of race and sex discrimination, harassment and retaliation which she made to Human Resources on January 7, 2019.

76.     Plaintiff's termination from employment was a direct result of her earlier complaints of race and sex discrimination, harassment and retaliation, and was in retaliation for the further act of undersigned counsel's letter of January 14, 2019 raising specific legal claims under Title VII and 42 USC §1981 on behalf of Plaintiff.

77.     Plaintiff sought to enforce her rights to be free from race and sex discrimination in employment as protected by 42 USC §1981 and Title VII.

78.     Defendant's conduct as set forth above in this Complaint was motivated by its intentional discriminatory animus toward Plaintiff based upon her race and gender, as well as Defendant's intentional retaliation against Plaintiff based upon her complaints of discrimination.

79.     Due to Defendant's acts of discrimination and retaliation, including Defendant's refusal to consider Plaintiff for a promotion in September of 2018, Defendant's decision to place Plaintiff only in an interim position in December of 2018 with no pay raise, and Defendant's decision to ultimately terminate Plaintiff's employment, Plaintiff has suffered a loss of both income and benefits.

80.     In addition to the loss of income and benefits, Plaintiff has suffered substantial emotional distress damages during the time Plaintiff was employed with Defendant and subsequent thereto, which has manifested itself with Plaintiff suffering anxiety so severe it required four intensive outpatient care sessions per week at St. Luke's Behavioral Health Center for a period of time, with still present anxiety and flashbacks.

81.     Plaintiff is entitled to reinstatement with an appropriated pay adjustment or front pay in lieu thereof.

82.     Due to Defendant's intentional disregard of Plaintiff's federally protected rights, or its reckless disregard thereof, Plaintiff is entitled to an award of punitive

damages.

83.   Plaintiff hereby demands a jury trial in this matter on all legal claims.

84.   Plaintiff is entitled to an award attorney's fees and costs.

85.   Plaintiff demands a jury trial on all claims in this Complaint.

WHEREFORE, Plaintiff requests the following relief from this court:

A.   An award of all lost income and benefits, reinstatement with a pay adjustment or front pay in lieu thereof;

B.   An award of compensatory damages under her claims pursuant to both Title VII in the 1964 Civil Rights Act and 42 USC §1981;

C.   Affirmative injunctive relief in the form of reinstatement or front pay;

D.   An award of punitive damages;

E.   An award of attorney's fees and costs pursuant to 42 USC §1981 and §1988;

F.   Such further relief as this Court deems proper.


DATED this _20th_ day of May, 2020.


LAW OFFICES OF MARSHALL A. MARTIN

Marshall A. Martin, Esquire
8585 E Hartford Drive, Suite 800
Scottsdale, AZ 85255
(480) 444-9980
marshall@marshallmartinlaw.com
*Attorney for Plaintiff*

Marshall A. Martin, Esq. #010055
LAW OFFICES OF MARSHALL A. MARTIN
8585 East Hartford Drive, Suite 800
Scottsdale, AZ 85255
(480) 444-9980
Email: marshall@marshallmartinlaw.com
*Attorney for Plaintiff*

CLERK OF THE
SUPERIOR COURT
FILED
H. GEARHART, DEP

2020 MAY 20   PM 2: 32

# SUPERIOR COURT
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Reina Patocs, | ) |
|     Plaintiff, | ) Case No. CV 2020-053162 |
| v. | ) |
| Automatic Data Processing, Inc., a Delaware Corporation; ADP LLC, a foreign limited liability company; ADP Inc., a foreign corporation; and Black Corporation, a fictitious named corporation, | ) **CERTIFICATE OF COMPULSORY ARBITRATION** |
|     Defendants | ) |

Plaintiff, Reina Patocs, by and through her undersigned counsel, hereby certifies that the largest award sought by the Complaint, including punitive damages, but excluding interest, attorney's fees and costs exceeds the limits set by Local Rule for Compulsory Arbitration. This case is not subject to Rules 72-76, A.R.C.P.

DATED this 20th day of May, 2020.

LAW OFFICES OF MARSHALL A. MARTIN

Marshall A. Martin, Esquire
8585 E. Hartford Drive, Suite 800
Scottsdale, AZ 85255
Attorney for Plaintiff

1

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

CV2020-053162

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Marshall A. Martin

Attorney Bar Number 010055

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

_____

_____

CLERK OF THE
SUPERIOR COURT
FILED
M. GEARHART, DEP

2020 MAY 20  PM 2:32

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Reina Patocs | 2242 E. Nancy Lane, Phoenix, AZ 85042 | (602) 748-8160 | reinahmm@gmail.com |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)

ADP, LLC, a foreign limited liability company

ADP, Inc., a foreign

Black Corporation, a fictitious named company

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____          ☐ Tier 1     ☒ Tier 2     ☐ Tier 3

## NATURE OF ACTION

Place an **"X"** next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*

☐ 103 Wrongful Death\*

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence*

☐ 112 Product Liability – Asbestos*

☐ 112 Product Liability – Tobacco*

☐ 112 Product Liability – Toxic/Other*

☐ 113 Intentional Tort*

☐ 114 Property Damage*

☐ 115 Legal Malpractice*

☐ 115 Malpractice – Other professional*

☐ 117 Premises Liability*

☐ 118 Slander/Libel/Defamation*

☐ 116 Other (Specify) _____ *

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*        ☐ 123 Hospital*

☐ 122 Physician D.O*         ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☐ 139 Fraud*

☐ 134 Other Contract (i.e. Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☐ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute – Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☒ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*          ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition          _____

☐ 195(a) Amendment of Marriage License          (Specify)

☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge

☐ Employer Sanction     ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

Automatic Data Processing, Inc, A Delaware Corp., c/o CT Corporation System, Statutory Agent, 3800 N. Cenral Ave. Ste. 460

Pheonix, AZ 85012

Marshall A. Martin, Esq. #010055
LAW OFFICES OF MARSHALL A. MARTIN
8585 East Hartford Drive, Suite 800
Scottsdale, AZ 85255
(480) 444-9980
Email: marshall@marshallmartinlaw.com
*Attorney for Plaintiff*

CLERK OF THE
SUPERIOR COURT
FILED
H. GEARHART, DEP

2020 MAY 20  PM 2: 37

## SUPERIOR COURT
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Reina Patocs, | ) |
| Plaintiff, | ) Case No.  CV 2020-053162 |
| v. | ) |
| Automatic Data Processing, Inc., a | ) **VERIFICATION** |
| Delaware Corporation; ADP LLC, a | ) |
| foreign limited liability company; ADP | ) |
| Inc., a foreign corporation; and Black | ) |
| Corporation, a fictitious named | ) |
| corporation, | ) |
| Defendants | ) |

I, REINA PATOCS, declare under penalty of perjury that I have read the foregoing Complaint and know the contents to be true to the best of my information and belief.

DATED  5 /20/2020

Reina Patocs, Plaintiff

1

**ORIGINAL**

CLERK OF THE
SUPERIOR COURT
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

**2020 MAY 29   AM 11: 48**

**FILED BY:** *D Bicay*

Marshall A. Martin, Esq. #010055
LAW OFFICES OF MARSHALL A. MARTIN
8585 East Hartford Drive, Suite 800
Scottsdale, AZ 85255
(480) 444-9980
Email: marshall@marshallmartinlaw.com
*Attorney for Plaintiff*

# SUPERIOR COURT
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Reina Patocs, | )<br>) |
|     Plaintiff, | )<br>)  Case No.  CV 2020-053162 |
| v. | )<br>) |
| Automatic Data Processing, Inc., a | )  **SUMMONS** |
| Delaware Corporation; ADP LLC, a | ) |
| foreign limited liability company; ADP | )  If you would like legal advice from a lawyer, |
| Inc., a foreign corporation; and Black | )  contact the Lawyer Referral Service at |
| Corporation, a fictitious named | )  602-257-4434 |
| corporation, | )  or |
| | )  www.maricopalawyers.org |
| | )  Sponsored by the |
|     Defendants | )  Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

Automatic Data Processing, Inc.
A Delaware Corporation
c/o CT Corporation System
Statutory Agent
3800 N. Central Avenue, Suite 460
Phoenix, Arizona 85012

      YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the state of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of

40 days after date of such service upon the Director.  Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. RCP 10(D); ARS 12-311; RCP 5.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

The name and address of attorney for Plaintiff is:

Marshall A. Martin, Esquire
8585 E. Hartford Drive, Suite 800
Scottsdale, AZ  85255

SIGNED AND SEALED this date: 05/20/2020

JEFF FINE, CLERK

Clerk

By
Deputy Clerk
H. Gearhart

2

Marshall Martin
LAW OFFICES OF MARSHALL A. MARTIN
8585 East Hartford Drive Suite 800
Scottsdale, AZ 85258
(480) 444-9980
Bar No. 010055



## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA FILED BY: _D Brcoy_
### IN AND FOR THE COUNTY OF MARICOPA

**REINA PATOCS,**

                           Plaintiff,

         vs.

**AUTOMATIC DATA PROCESSING, INC., a
Delaware Corporation; ADP LLC, a foreign
limited liability company; ADP INC., Aa
foreign corporation,**

                           Defendant.

Case Number: CV2020-053162

**RETURN OF SERVICE**

Received by MJC Services on the 25th day of May, 2020 at 10:08 am to be served on **AUTOMATIC DATA PROCESSING, INC c/o CT CORPORTION SYSTEM, STATUTORY AGENT, 3800 NORTH CENTRAL AVENUE #460, PHOENIX, AZ 85012**.

I, Michael Cryan, do hereby affirm that on the **26th day of May, 2020** at **10:50 am**, I:

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint and Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **KRIKOR KALAYDJIAN** as **CLERK** at the address of: **3800 NORTH CENTRAL AVENUE #460, PHOENIX, AZ 85012**, who stated they are authorized to accept service for **AUTOMATIC DATA PROCESSING, INC**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: =, Race/Skin Color: CAUCASIAN, Height: 6'0", Weight: 200, Hair: BLACK, Glasses: N

I certify under penalty of perjury that the foregoing is true and correct.

Michael Cryan
5491

**MJC Services
10620 West Sonora Street
Tolleson, AZ 85353
(623) 633-2405**

Our Job Serial Number: CSV-2020000341
Service Fee: $60.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

**EXHIBIT B**

1  J. Greg Coulter (State Bar No. 016890)
2  Jacqueline F. Langland (State Bar No. 035422)
   **JACKSON LEWIS PC**
3  2111 East Highland Avenue, Suite B-250
   Phoenix, AZ  85016
4  Telephone: (602) 714-7044
   Facsimile: (602) 714-7045
5  Greg.Coulter@jacksonlewis.com
6  Jacqueline.Langland@jacksonlewis.com

7  Attorneys for Defendants ADP LLC and Automatic Data Processing, Inc.

8                    ARIZONA SUPERIOR COURT

9                      MARICOPA COUNTY

10
   Reina Patocs,                          Case No.  CV2020-053162
11
               Plaintiff,                 **NOTICE OF FILING**
12                                        **NOTICE OF REMOVAL**
        vs.
13                                        **(Assigned to the Honorable**
14 Automatic Data Processing, Inc., et al. **Andrew Russell)**

15             Defendants.

16

17

18 **TO:   CLERK OF COURT, SUPERIOR COURT OF THE STATE OF ARIZONA,**
19 **       COUNTY OF MARICOPA:**

20

21        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

22 Defendant Automatic Data Processing, Inc. serves this Notice that it has filed a Notice of

23 Removal of the above-captioned action from this Court to the United States District Court

24 for the District of Arizona.  A true and correct copy of the Notice of Removal is attached

25 as **Exhibit 1** and is incorporated by reference. As provided in 28 U.S.C. § 1446(d), this

26 Notice effects the removal of this action, and this Court shall proceed no further unless and

27 until this case is remanded.

28

                              1

1   DATED June 24, 2020.

2                                       **JACKSON LEWIS P.C.**

3
                                        By: */s/John Greg Coulter*
4                                            John Greg Coulter
                                             Jacqueline F. Langland
5                                            Attorneys for Defendant Automatic Data
6                                            Processing, Inc.

7

8

9                              **CERTIFICATE OF SERVICE**

10          I hereby certify that on June 24, 2020, I electronically transmitted this document to

11   the Clerk's Office using the AZTurboCourt System for filing, which sent notice to:

12   Marshall A. Martin
13   Law Offices of Marshall A. Martin
     8585 E. Hartford Drive, Ste. 800
14   Scottsdale, AZ 85255
15   *Attorney for* Plaintiff

16   */s/Debbie Mattatall*

17

18   4852-5212-6142, v. 1

19

20

21

22

23

24

25

26

27

28

                                            2